**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION**

IN RE

STACEY M. VAN PELT                                              CASE NO. 12-52572

DEBTOR

**MEMORANDUM OPINION AND
ORDER HOLDING CHASE IN CONTEMPT**

This matter is before the Court on the Debtor's Motion to Enforce Discharge Injunction Against JP Morgan Chase Bank, N.A. and for an Award of Actual Damages, Mild Non-Compensatory Damages, and Reasonable Attorneys' Fees [ECF No. 52] and related briefing [ECF Nos. 57 & 58]. A hearing was held on March 7, 2019. [ECF Nos. 59-61.] The matter was taken under submission. For the reasons stated herein, the Debtor's Motion is granted.

**I.   FACTS.**

The Debtor filed a chapter 13 petition on October 3, 2012. She scheduled a one-half interest in a house and lot at 1274 High Bridge Road, Lancaster, Kentucky ("Real Property"). [ECF No. 1, Sch. A.] She also listed a secured debt of $124,000.00 owed to Chase Home Mortgage. [ECF No. 1, Sch D.]

JP Morgan Chase Bank, N.A. ("Chase") filed Proof of Claim No. 8-1 on February 5, 2013, in the amount of $121,797.28. The debt is secured by a mortgage on the Real Property and includes a prepetition arrearage claim of $2,084.31.

The Debtor filed her chapter 13 plan with the petition on October 3, 2012. [ECF No. 2.] Section II.C of the Plan, titled "Surrender of Property", listed Chase. No objections were filed and the plan was confirmed on December 27, 2012. [ECF No. 19.]

1

The Trustee filed her Notice of Allowance of Claims on September 26, 2013. [ECF No. 28.] The Trustee's Notice "gives notice to the creditors listed below … of the allowance of claims as follows." [*Id.*] Chase is a listed creditor with a mortgage and a prepetition arrearage claim. The Trustee's Notice also indicates "Surrendered" for the Chase obligation.

The Trustee's Notice was developed years ago in this district to give creditors a chance to raise any issues with the Trustee's plans to carry out the terms of a chapter 13 plan. The Notice tells the creditors listed:

> To the extent the allowance of claims contradicts the treatment of any claim in the confirmed plan, this Notice shall constitute a modification of the plan pursuant to 11 U.S.C. 1329. Any objection must be filed within 30 days from the date of this Notice, served on the trustee, and set for hearing.

[*Id.*] No party objected to the Trustee's Notice.

Approximately 2 years later, Chase filed a Motion for Approval of Loan Modification Agreement.[1] [ECF No. 37.] The Modification Motion sought permission to "enter into a Loan Modification with the Debtor." The Modification Motion then represented that Chase had approved the Debtor for a loan modification that would recapitalize the loan, lower the monthly payments, and eliminate arrearage payments by the Trustee. The Modification Motion further indicated the Debtor could file an amended plan and/or a motion to modify the plan, if necessary.

The Modification Motion attaches a Loan Modification Agreement dated April 22, 2014, between Chase and Robert Van Pelt. [ECF No. 37-1.] The Debtor is not a party to the Loan Modification Agreement. Robert is the Debtor's ex-husband who was a co-obligor on the Chase debt when the Debtor filed her petition. Robert did not file bankruptcy with the Debtor.

---

[1] Lenders routinely file modification motions in this district on a notice and opportunity basis to avoid a claim that they are violating the automatic stay or other applicable law.

2

No objection to the Modification Motion was filed, so an order granting the relief was entered on October 10, 2014. [ECF No. 38.] The Modification Order contains the terms reflected in the Modification Motion. [*Id.*] The Debtor did not file an amended plan or a motion to modify the plan as allowed in the Modification Order.

The Trustee filed her Plan Completion Report on March 18, 2015 [ECF No. 45], and her Chapter 13 Standing Trustee's Final Report and Account on April 15, 2015 [ECF No. 47]. The Plan Completion Report recognizes that the Debtor completed all payments required by the confirmed plan. [ECF No. 45.] The Trustee's Final Report identifies Chase as a Scheduled Creditor.

On April 21, 2015, Chase filed amended Proof of Claim 8-2 reflecting a secured claim of $99,820.69 and an arrearage of $0.00. Also on April 21, the Debtor received her discharge. [ECF No. 49.]

The case was closed on May 29, 2015 and reopened on February 25, 2019. [ECF Nos. 50 & 53.] The Debtor filed the underlying Motion for Contempt alleging Chase violated the discharge injunction by incorrectly informing credit reporting agencies that the Debtor is personally liable for the debt owed to Chase and refusing to correct its reporting. [ECF No. 52.] *See also* 11 U.S.C. § 524(a)(2). The Debtor seeks actual damages and mild punitive damages.

The Motion indicates the Debtor divorced Robert on August 31, 2012, five weeks prior to filing bankruptcy. [ECF No. 52, at ¶¶ 10-18.] The Debtor agreed to quitclaim her interest in the Real Property to Robert as part of their divorce settlement. [*Id*. at ¶ 18.] Therefore, the Debtor had no interest in the home to protect through her plan on the petition date or when the Modification Motion was filed.

Chase filed its Response to Motion to Enforce Discharge Injunction and for Other Relief on March 5, 2019. [ECF No. 57.] It does not dispute the Debtor's factual allegations. Instead, Chase argues placement of its claim in Section II.C of the plan "makes absolutely no provision for payment or other treatment of Chase's claim or result in a discharge." [*Id.* at 5.] Chase also argues that the Debtor's failure to oppose its Modification Motion supports its position that its debt is not discharged. [*Id.*]

A hearing was held on March 7, 2019. Counsel for Chase stated at the hearing that this is a matter of plan interpretation and Chase does not seek an opportunity to present evidence. The matter was taken under submission and is ready for decision. Upon review of the record and arguments of counsel, it is found that the debt owed to Chase was provided for in the plan and the Debtor's personal liability on the debt was discharged. 11 U.S.C. § 1328(a) and (c). The record also confirms Chase knew of the bankruptcy discharge and willfully violated the discharge injunction by refusing to correct its inaccurate reporting of the debt as a personal liability.

## II. DISCUSSION.

### A. The Confirmed Plan Provides for Chase's Claim So the Debtor's Personal Liability Was Discharged.

Section 1325(a)(5) tells the court to confirm a plan that treats secured claims in one of three ways: by agreement, cram down, or surrender. 11 U.S.C. § 1325(a)(5)(A)-(C); *see Associates Commercial Corp. v. Rash*, 520 U.S. 953, 957 (1997). The Debtor used the local form to propose her chapter 13 plan, which is a requirement in this district. KYEB LBR 3015-1;

KYEB Local Form 3015-1.[2]  The Debtor chose to comply with § 1325(a)(5)(C) by listing Chase in Section II.C of the plan, titled "Surrender of Property."  [ECF No. 2.]

Chase argues that listing its claim in Section II.C is insufficient to provide for the claim because the Debtor does not indicate to whom she is surrendering the property, the mechanism for surrender, or that surrender is in payment of its claim.  [ECF No. 57 at 4-5.]  Listing the claim in Section II.C of the plan is enough to provide for the claim and obligated the Court to confirm the plan as instructed in § 1325(a).

To determine whether a claim is provided for by the plan, the relevant inquiry is whether a plan " 'makes a provision' for, 'deals with,' or even 'refers to' a claim." *Rake v. Wade*, 508 U.S. 464, 474–75 (1993); *Nicholas v. Oren (In re Nicholas)*, 457 B.R. 202, 222 (Bankr. E.D.N.Y. 2011).  Agreeing to surrender collateral pursuant to § 1325(a)(5)(C) is sufficient to provide for a claim.  *In re Sharak*, 571 B.R. 13, 19 (Bankr. N.D. N.Y. 2017). *See also Santander Consumer USA, Inc., v. Brown (In re Brown)*, 746 F.3d 1236, 1241 (11th Cir. 2014) (surrender satisfies the creditor's allowed secured claim); *In re Eubanks*, 219 B.R. 468, 473 (B.A.P. 6th Cir. 1998) ("Section 1325(a)(5)(C) permits a Chapter 13 debtor to satisfy an 'allowed secured claim' by surrendering the property securing the claim.").

The concept of surrender lets the creditor know it may exercise its state-law lien rights if desired.[3]  *See In re Keokuk*, Case No. 17-30370, 2018 WL 6172032 at *2 (Bankr. E.D. Ky. Nov. 20, 2018) (surrender is generally understood as a relinquishment of rights in the collateral); *see also In re Tosi*, 546 B.R. 487, 492 (Bankr. D. Mass. 2016) (it is well-settled that surrender means

---

[2] Local Form 3015-1 was amended on December 1, 2017, but the amendments are not relevant to the decision herein.
[3] Section II.C of the Local Form Plan facilitates a creditor's effort to recover the property by confirming the automatic stay no longer applies.

the debtor will make the collateral available to the secured creditor, so the secured creditor can exercise its state law rights if it so chooses); *Matter of Mattera*, 203 B.R. 565, 572 (Bankr. D.N.J. 1997) (formal action to accomplish surrender is not necessary to provide for a secured claim); 8 COLLIER ON BANKRUPTCY § 1325.06[4] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2018) ("Surrender in th[e] context [of section 1325(a)(5)(C)] means simply the relinquishment of any rights in the collateral."). The additional conditions Chase seeks are not required.

The plan provided for Chase's claim by including it in Section II.C. The Debtor successfully completed her plan and a discharge order was entered on April 21, 2015. [ECF No. 48.] The Debtor's personal liability on the debt owed to Chase was discharged. 11 U.S.C. § 1328(a) and (c); *see also Johnson v. Home State Bank*, 401 U.S. 78 (1991) (a bankruptcy discharge extinguishes personal liability).

**B. Chase Knew Its Claim Was Provided For by the Plan.**

Counsel for Chase suggested the lender did not believe its claim was provided for by the plan, but the record refutes this assertion. Chase was served with the proposed plan [ECF No. 2] and legal counsel entered an appearance on Chase's behalf shortly thereafter [ECF No. 10]. Chase never objected to the proposed treatment.

Chase was also served a copy of the Trustee's Notice and the Trustee's Final Report, both indicating her understanding that Chase's claim was provided for by the plan. [ECF Nos. 28 & 47.] Again, Chase did not object or otherwise raise an issue.

Chase also acknowledged the Debtor's discharge in a 2018 Garrard County Circuit Court foreclosure proceeding related to the Real Property. [ECF No. 58, Exh. 1.] Paragraph 5 in Count One of the Complaint provides:

> In Rem as to Defendant, Stacey M. Noe [f/k/a Stacey M. Van Pelt], due to the Chapter 13 Bankruptcy filed in the Eastern District of Kentucky, case number 12-52572. Said bankruptcy was discharged via entered order therein on April 21, 2015. No personal judgment will be sought as to this Defendant.

[*Id.*]

Chase's counsel in this matter, who was not Chase's original counsel in this bankruptcy case or the state court action, argued that this was likely only a protective measure and does not mean the lender believed the Debtor was discharged. That is not a reasonable interpretation. The complaint shows a clear understanding that the underlying personal obligation of the Debtor was discharged. It is fair to accept the plain reading of this statement when Chase has and will not offer contrary evidence.

### C. Approval of the Loan Modification Agreement Did Not Modify the Treatment of Chase's Claim in the Confirmed Plan.

Chase suggests that its agreement to recapitalize any arrearage and take any payment outside the plan described in the Modification Motion and Modification Order shows the Debtor was not released from personal liability. Chase argues that the approval of the modification converted its claim to one under § 1322(b)(5), which is excepted from the chapter 13 discharge under § 1328(c)(1). [ECF No. 57 at 5.] This interpretation is not supported by the documents.

The Modification Motion contains several inaccurate statements that prove that a modification of the treatment of Chase's claim did not occur. Chase represented that the Debtor signed the Loan Modification Agreement, but the document is only signed by Robert Van Pelt, as Borrower. [ECF No. 37, Attachment 1.] Chase's assertion that any prepetition arrearage claim was recapitalized and no longer payable was also wrong because the Trustee was not making arrearage payments anyway. [*Id.*] *See also supra* Part I and Part II.A.1 (the Trustee's Notice indicated no arrearage claim existed because the collateral was surrendered).

The Modification Motion and Modification Order suggest Chase wanted a comfort order or simply made a mistake. The Modification Motion and Modification Order indicate the plan remains feasible and the Debtor must take affirmative action for any plan amendment. [ECF Nos. 37 and 38.] The Debtor had no reason to object to entry of the Modification Order or seek a modification because there was no effect on her confirmed plan.

The Loan Modification Agreement also suggests Chase no longer looked to the Debtor for repayment of the underlying obligation. Robert is the only Borrower listed and nothing else in the agreement indicates the Debtor has continuing liability for the debt. This also calls into doubt Chase's argument that its claim was not treated because it could not file a deficiency claim. It never expected to have one.

Regardless, Section II.C. of the Local Form Plan does not promise a creditor a deficiency claim. It recognizes a secured creditor may, but is not required to, participate in payments to unsecured creditors based on a deficiency claim. Also, the language exists to relieve the Trustee from the obligation to pay the claim until a deficiency amount is determined.

### D. The Holding in *Spata* Does Not Apply.

Chase cited *In re Spata* to support its argument that surrender under § 1325(a)(5)(C) in the Local Form Plan is not payment of the claim. Case No. 09-52154, ECF No. 122 (Bankr. E.D. Ky. Apr. 22, 2016). In *Spata*, the chapter 13 debtors moved for sanctions against Chase for violation of the discharge injunction. The debtors' confirmed plan required post-petition payments to Chase outside the plan and payment of arrearages by the Trustee through the plan. The debtors were unable to make the payments and subsequently modified the plan to surrender the collateral. After surrender and discharge, Chase pursued collection of the discharged debt. *Id*. at 1-3.

The debtors argued the post-discharge communications violated the discharge injunction because the residence was surrendered to Chase "in full satisfaction of the debt." *Id.* at 4. The issue in *Spata* was the impact of surrender as used in a post-confirmation modification, not under § 1325(a)(5)(C). The ruling was limited to the debtors' narrow argument that the modified plan provisions provided for full satisfaction of Chase's claim: "The court is not called upon to interpret 'surrender' as that term is used in the bankruptcy code; but rather, how it is used in the Debtors' modified plan. In this modified plan, 'surrender' does not mean payment." *Id*.

Unlike in *Spata*, the question here is not whether the plan provides for payment of a specific claim. The issue is whether the claim was provided for by the plan and the Debtor's personal liability discharged. 11 U.S.C. § 1328(a). Chase reads too much into the *Spata* decision. The limited ruling in *Spata* is not relevant to this case.

### E.    Chase's Refusal to Correct Its Incorrect Reporting of the Discharged Debt Violated the Discharge Injunction.

A discharge "operates as an injunction against the commencement or continuation of any action, the employment of process or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." 11 U.S.C. § 524(a)(2). The Debtor alleges that Chase violated §524(a)(2) by "incorrectly reporting its alleged debt against her under the Note, Mortgage and Modification Agreement" to credit reporting agencies. [ECF No. 52 at 5-6.] She attached copies of credit reports as evidence of that inaccurate reporting. [*Id*., Exhs. 2,4.] The Debtor also alleges that she spoke to representatives of Chase and Chase "did nothing to correct the inaccurate information that it reported..." [*Id*. at 6.]

9

Chase does not dispute the factual allegations made by the Debtor, so they are accepted as true. These undisputed allegations and exhibits to the Motion are enough to confirm Chase violated the discharge injunction.

The review herein shows Chase knew the plan provided for its claim and the Debtor received her discharge. *In re Joseph*, 584 B.R. 696, 702 (Bankr. E.D. Ky. 2018). Chase does not dispute the Debtor's allegations that its reporting to the credit agencies was inaccurate and it refused to correct it when asked. Chase's only attempt at a defense is the argument the debt was not discharged. This argument was decisively rejected in the preceding analysis. *See* Part II.A., *supra*.

The prior review leads to a conclusion that the argument is an unsupportable attempt to find a way around Chase's violation of the discharge injunction. Without any explanation otherwise, it is reasonable to infer that Chase's reporting and subsequent refusal to correct the inaccurate information is an attempt to collect a discharged debt. *See In re Russell*, 378 B.R. 735, 743 (Bankr. E.D. N.Y. 2007) (a court may infer intent to collect a discharged debt from a refusal to correct inaccurate credit information); *Torres v. Chase Bank USA, N.A. (In re Torres)*, 367 B.R. 478, 485-486 (Bankr. S.D. N.Y. 2007) (same).

Chase is in contempt for violation of the discharge injunction. The record is not sufficient to determine damages so additional work is required.

**III.   DECISION.**

Based on the foregoing, it is ORDERED:

(1)   The Debtor's Motion to Enforce Discharge Injunction Against JP Morgan Chase Bank, N.A. [ECF No. 52] is GRANTED;

(2)    Chase is in CONTEMPT for violating the Discharge Order [ECF No. 48] under 11 U.S.C. § 524(a)(2); and

(3)    The following shall apply to a determination of damages:

(a)  The Debtor shall supplement the record with evidence in support of any damages incurred within 21 days of entry of this Order.

(b)  Chase shall have 21 days after the Debtor supplements the record to file an objection.

(c)  If Chase does not object, the matter will be deemed submitted for a decision.

(d)  If Chase objects, both parties will have fourteen days to request an evidentiary hearing.  If no party requests a hearing, the matter will be deemed submitted on the record for a decision.

11

_____
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Gregory R. Schaaf*
**Bankruptcy Judge**
**Dated: Thursday, April 11, 2019**
**(grs)**